IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia



MAERSK, INC., )
 )
 Plaintiff, )
 )
v. ) Civil Action No. 1:09cv635 (JCC/TRJ)
 )
INTERNATIONAL INTRANCO, INC., )
 )
 )
 Defendant. )
_____)

## *REPORT AND RECOMMENDATION*

This action is before the court on plaintiff Maersk, Inc.'s ("Maersk") Motion for Entry of Default Judgment (docket no. 55).

Upon consideration of plaintiff's motion, the memorandum in support thereof, and the affidavit of Dave Johnson, the magistrate judge makes findings as follows, and recommends that default judgment be entered against defendant International Intranco, Inc.

### *Jurisdiction and Venue*

This court has jurisdiction under 28 U.S.C. § 1333, this being a civil case of admiralty or maritime jurisdiction. Venue is proper pursuant to 28 U.S.C. § 1391(c) because defendant is a corporation that is subject to personal jurisdiction in this judicial district.

### *Procedural History*

Plaintiff filed its complaint in this action on October 27, 2008 in the Southern District of New York. On December 29, 2008, Judge Sullivan ordered the defendant to show cause as to why default judgment should not be entered against it, with a hearing set for that purpose on

January 23, 2009. On January 28, 2009, defendant's CEO, William Lake, filed a letter with the court pursuant to the order to show cause, prompting the court to order defendant to retain counsel. Following the court's order, defendant retained counsel who subsequently filed a motion to dismiss, which the court denied on March 24, 2009. By stipulation, on March 26, 2009, the parties agreed that plaintiff would withdraw its application for the entry of default judgment. On May 13, 2009, the court transferred the case to this judicial district where, on April 23, 2010, plaintiff filed its amended complaint that was served on defendant on May 28, 2010. Defendant never having filed a response, the Clerk's entry of default was filed on July 27, 2010.

## *Findings*

Through its default, defendant is deemed to have admitted as true all of the plaintiff's well-pled allegations of fact which become the grounds for judgment against them. Ryan v. Sovereign Bank, 253 F.3d 778, 780 (4th Cir. 2001).

Plaintiff Maersk is a corporation duly organized and existing under the laws of the State of Delaware with offices and a place of business in Charlotte, North Carolina. Pl.'s Compl. ¶ 2.

Defendant International Intranco, Inc. is a corporation organized and existing under the laws of the State of Virginia, with offices and a place of business at 4041 University Drive, Suite 403, Fairfax, VA 22030. Pl.'s Compl. ¶ 3.

This is an action pursuant to the Ocean Shipping Reform Act of 1999, 46 U.S.C. § 40101 et seq., for non-payment of ocean freight. Pl.'s Mot. for Def. Judgm., p. 2. The original complaint was for breach of payment on seven bills of lading in the total amount of $47,832.70. Under the Amended Complaint Maersk seeks an additional $6,925.00 under two more bills of lading for a grand total of $54,757.70 plus pre-judgment interest.

Under the general maritime law, applicable in admiralty cases such as this, there is a

presumption in favor of pre-judgment interest. City of Milwaukee v. Cement Division National Gypsum Co., 515 U.S. 189, 115 S.Ct. 2091, 1995 A.M.C. 1882 (1995). Where not otherwise specified in a contract, the judgment rate of interest in Virginia is 6% per annum. Va. Code Ann. §§ 6.1-330.54 & 8.01-382. The magistrate judge finds that prejudgment interest is appropriate in this case, at this rate.

At the ports of shipment stated in Schedule A, certain goods were delivered to plaintiff to be carried to the ports of destination and at the agreed charges to be paid by defendant pursuant to plaintiff's published tariff. Pl.'s Compl. ¶ 4.

| Schedule A | | | |
|---|---|---|---|
| **B/L No.** | **Amount** | **Interest** | **Sub-Total** |
| 1. 855518393 | $5,971.50 | $955.44 | $6,926.94 |
| 2. 524457662 | $6,001.81 | $960.29 | $6,962.10 |
| 3. 855631939 | $9,399.17 | $1,503.87 | $10,903.04 |
| 4. 855631944 | $7,762.60 | $1,009.14 | $8,771.74 |
| 5. 855829324 | $6,272.52 | $940.88 | $7,213.40 |
| 6. 855829321 | $6,272.52 | $940.88 | $7,213.40 |
| 7. 855898399 | $6,152.58 | $922.89 | $7,075.47 |
| 8. 858225039 | $2,485.00 | $149.10 | $2,634.10 |
| 9. 529527008 | $4,440.00 | $133.20 | $4,573.20 |
| **Totals** | **$54,757.70** | **$7,515.69** | **$62,273.39** |

Plaintiff has duly performed all duties and obligations required to be performed by plaintiff. Defendant has refused to remit payment of $54,757.70, although duly demanded. As a matter of the Court's discretion, there having been no undue delay or other reason for denying prejudgment interest, the undersigned finds that Maersk is entitled to prejudgment interest at 6% per annum. The interest due, calculated from the date of each bill of lading, is shown in the

interest column above.

## Recommendation

For the reasons stated above, the magistrate judge recommends that default judgment under Fed. R. Civ. P. 55(b)(2) be entered against defendant Intranco International, Inc. in an amount equal to $62,273.39.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant's address used for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

September 13, 2010
Alexandria, Virginia